IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01512-ZLW

ISSIAKA I. NAMOKO,
    Plaintiff,

v.

MILGARD MANUFACTURING, INC.,
    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 12 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Issiaka I. Namoko has filed *pro se* on September 29, 2006, a document titled "Motion of Reconsideration." He also has tendered to the Court on the same date a "Title VII Complaint," and a "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915." In the motion to reconsider Mr. Namoko asks the Court either to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on September 15, 2006, or to commence a new civil action. The Court must construe the motion to reconsider liberally because Mr. Namoko is representing himself. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Namoko filed the motion to reconsider within ten days after the

Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

Mr. Namoko initiated this action by filing a complaint and an amended complaint. He was ordered to cure the deficiencies by filing an amended pleading on the proper form and by either paying the filing fee or filing a motion seeking leave to proceed *in forma pauperis*. On September 1, 2006, Mr. Namoko filed an amended pleading on the proper form and he filed a motion seeking leave to proceed *in forma pauperis*. The Court dismissed the instant action without prejudice for failure to cure the deficiencies because the financial affidavit in support of the September 1 *in forma pauperis* motion was incomplete and lacked certain information necessary to determine if leave to proceed *in forma pauperis* should be granted. The *in forma pauperis* motion filed on September 29 includes a completed financial affidavit.

Mr. Namoko's belated efforts to cure the deficiencies in this action do not justify a decision to vacate the order of dismissal in this action. Mr. Namoko does not explain his failure to cure the deficiencies within the time allowed and he does not argue that the Court erred in any way in dismissing this action. Therefore, the motion to reconsider will be denied. However, the clerk of the Court will be directed to commence a new civil action with the "Title VII Complaint" and "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" tendered to the Court on September 29, 2006. Accordingly, it is

ORDERED that the "Motion of Reconsideration" filed on September 29, 2006, is denied. It is

FURTHER ORDERED that the clerk of the Court commence a new civil action with the "Title VII Complaint" and "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" tendered to the Court in this action on September 29, 2006.

DATED at Denver, Colorado, this __11__ day of ____Oct____, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01512-BNB

Issiaka I. Namoko
PO Box 1253
Colorado Springs, CO 80901

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/12/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk